In re ELLIS' ESTATE.

PARRA et al. v. WYATT et al.

(Court of Civil Appeals of Texas. El Paso.
Oct. 23, 1911.)

WILLS (§ 370*)—RECORD—EFFECT OF FAILURE
TO MAKE STATEMENT OF FACTS.

Where an appeal from the refusal to pro-
bate a certain document as a will is without
any statement of facts or conclusions of fact by
the trial court, the judgment will be affirmed.

[Ed. Note.—For other cases, see Wills, Cent.
Dig. § 836; Dec. Dig. § 370.*]

Appeal from District Court, El Paso Coun-
ty; A. M. Walthall, Judge.

Proceeding by Jesus Parra and others for
the probate of a certain document as a will,
opposed by John Wyatt and others. From
a judgment refusing probate, proponents ap-
peal. Affirmed.

Loomis & Knollenberg, for appellants. T.
C. Lea, W. B. Ware, A. G. Foster, and J. H.
McBroom, for appellees.

PETICOLAS, C. J. This case had its in-
ception in the county court of El Paso coun-
ty, Tex., where the appellants offered and
sought to probate as a will a certain docu-
ment, claimed to have been executed by C.
O. Ellis before his death. The probate court
having refused to probate the same, the pro-
ponents appealed to the district court of El
Paso county, Tex., which court in its turn
refused to probate said instrument as the
will of C. O. Ellis, deceased. From this
judgment so refusing the appellants appealed
to the Court of Civil Appeals for the Fourth
Supreme Judicial District at San Antonio,
and the case was transferred to this court.

There is before us a transcript of the rec-
ord, but no statement of facts, and no state-
ment of facts has been filed in this court, ex-
cept that in the transcript, from pages 12 to
30, is what purports to be the testimony of
one J. M. Lujan. We find from a certified
copy of an order made by the honorable
Court of Civil Appeals for the Fourth Su-
preme Judicial District that, a motion by ap-
pellees to strike out the transcript coming on
to be heard, it was granted as to pages 12 to
30 of the transcript; said pages 12 to 30 be-
ing stricken out. This leaves the transcript
of the record before us without any state-
ment of facts from which we could legally
ascertain what the evidence was in the court
below.

Appellants' assignments of error set up
that the trial court erred in holding that the
instrument offered for probate by the appel-
lants was not a will; that the trial court
erred in holding that the instrument was not
executed with the formalities required for
the execution of wills, and in holding that
the delay in presenting the instrument for
probate would prevent it being probated.
These are not all the assignments of error,

but they suffice to clearly indicate the inabil-
ity of this court to do anything but affirm
the case. There being no statement of facts
in the record and no conclusions of facts by
the trial court in the record, we are unable
in any manner to revise his ruling. To illus-
trate: The appellants contend that the court
erred in holding the instrument not a will.
We do not know that he so held. He may
have held that its execution was not proven.
If we assume that he held its execution un-
proven, we cannot decide whether he right-
fully or wrongfully so held. Or he may have
held that the instrument was a will and du-
ly executed, but that delay had been so great
as that it could not legally be probated. If
we assume that he so held, we cannot de-
termine whether he so held rightfully or
wrongfully.

The case will therefore be affirmed.